FIDELITY AND CASUALTY COMPANY v. E. E. BROWN *et al.*

No. 13,695.   (77 Pac. 111.)

SYLLABUS BY THE COURT.

BOND — *Conversion of Insurance Premiums by Agent — Liability of Surety on Bond.* In an action on the bond of an agent of an insurance company to recover the amount of certain collected and unremitted premiums it is error to sustain a motion to strike from the petition certain premiums charged in the account because collected outside the agent's territory, where the language describing his territory is ambiguous and susceptible of different interpretations. Under such circumstances, whether the premiums were collected within the agent's territory is a question of fact.

Error from Cherokee district court; A. H. SKIDMORE, judge. Opinion filed June 11, 1904. Reversed.

*A. & C. S. MacDonald,* and *C. B. Skidmore,* for plaintiff in error.

*Sapp & Wilson,* for defendants in error.

The opinion of the court was delivered by

GREENE, J. : The plaintiff in error, which is an in-
surance company, appointed one E. E. Brown its
agent, with power to solicit insurance, issue policies,
and collect premiums.   Brown gave a bond, with W.
F. Sapp as surety, for the faithful performance of his
duties.   This action was brought on this bond to re-
cover defaults made by him.   The company prose-
cutes error to reverse a judgment in favor of defendants.

  ·  Plaintiff's first contention is that the court erred in
striking from the petition certain premiums collected
by Brown for risks taken by him in Emporia and
Wichita.    These items were stricken out on the
ground that Emporia and Wichita were outside the
territory for which Brown was bonded.   The contract
of appointment is as follows : "The Fidelity and
Casualty Company, of New York, . . . has ap-
pointed the said E. E. Brown as agent for the follow-
ing territory : Southeastern Kansas, including Parsons
and Galena, with headquarters at Galena, Kansas."
The language used in defining the territory is ambig-
uous and susceptible of more than one interpretation.
The court could not, therefore, say, as a matter of
law, that Emporia and Wichita were not within
Brown's territory.   That is a question of fact which
should have been submitted to the jury.

  Plaintiff contends that it should have had judgment
on the pleadings, or, rather, that defendant should not
have been permitted to introduce any evidence tend-
ing to show that the items set out in the charges made
against Brown were not true, for the reason that
plaintiff's petition was sworn to and the answer was
not verified.   We find attached to the petition, as an
exhibit, this itemized account, to which is attached a

form of an oath signed by Robert J. Hill, as secretary and treasurer of the Fidelity and Casualty Company, but to this there is no jurat. The original petition was subsequently amended twice, but in neither amendment do we find any reference to the exhibit. Upon this question we think no error was committed.

For the reason assigned the judgment is reversed, and the cause remanded for further proceedings.

All the Justices concurring.